IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DONALD LEE HATHORN**                                                    **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 1:16cv83-HSO-JCG**

**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS RECORDS**                                         **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. Pro se Plaintiff Donald Lee Hathorn initiated this action on March 3, 2016. At the time, he was incarcerated with the Mississippi Department of Corrections.

On April 27, 2016, the Court ordered Hathorn to respond whether the alleged denial of sentence credits, which forms the basis of his claims, had ever been invalidated. Hathorn's response was due May 11, 2016. On May 9, 2016, Hathorn filed a Motion to Respond to Court's Order [10], but this pleading was not responsive to the Court's inquiry.

Having received no further response, on May 31, 2016, the Court entered an Order to Show Cause [11]. The Court directed Hathorn to show cause by June 14, 2016, why the case should not be dismissed for failure to obey the Court's prior Order. When Hathorn did not comply or otherwise contact the Court, the Court entered a Second Order to Show Cause [12], giving Hathorn one last opportunity to show cause. Hathorn was given until July 5, 2016, to respond.

The show cause Orders were mailed to Hathorn's address of record and were not returned as undeliverable. To date Hathorn has not responded or otherwise complied. The Court warned Hathorn that failure to comply may lead to the dismissal of his Complaint. 2d Order to Show Cause [12] at 1-2; 1st Order to Show Cause [11] at 1; Order Requiring Plaintiff to Respond [8] at 1; Order Setting Payment Schedule [7] at 3; Order [4] at 2. It is apparent from Hathorn's failure to comply with the Court's Orders that he lacks interest in pursuing this case.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since Defendant has not been called upon to answer the Complaint or appear in this action, and since the Court has not considered the merits of the claims, the case will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated above, this case is **DISMISSED WITHOUT PREJUDICE** for failure

2

to prosecute and failure to obey the Court's Orders.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

    **SO ORDERED AND ADJUDGED**, this the 21st day of July, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE